IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-01298-WYD-CBS

MARY L. DAY

Plaintiff,

v.

MANITOU SPRINGS SCHOOL DISTRICT NO. 14, in the County of El Paso and State of Colorado

Defendant.

## ANSWER

Defendant, **MANITOU SPRINGS SCHOOL DISTRICT NO. 14** (hereinafter the "District") by and through its attorney, **SONJA S. MCKENZIE** and **MARIA T. LIGHTHALL** of **SENTER GOLDFARB & RICE, L.L.C.**, hereby answers Plaintiff's Complaint and Jury Demand as follows:

### I.   ANSWER

1. With respect to the first unnumbered paragraph in Plaintiff's Complaint entitled Nature of the Case, the District denies that it discriminated against Ms. Day. As to the remaining allegations concerning Ms. Day's basis for this action, the District asserts that the Complaint speaks for itself and therefore no response is required to these remaining allegations.

2. With respect to the allegations contained in paragraphs 1 and 2 of Plaintiff's Complaint, the District is not contesting jurisdiction and venue.

3.	With respect to the allegations contained in paragraph 3 of Plaintiff's Complaint, the District admits that Plaintiff filed a charge of discrimination with both the United States Equal Employment Opportunity Commission and the Colorado Civil Rights Division. With respect to the contents of the charges, the charges of discrimination speak for themselves. To the extent that the allegations contained in paragraph 3 of Plaintiff's Complaint misstate the contents of the charges, the District denies those allegations, as well as any and all remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.	With respect to the allegations contained in paragraph 4 of Plaintiff's Complaint, the District lacks sufficient information and knowledge to form a belief as to the veracity of the allegations contained in paragraph 4 of Plaintiff's Complaint, regarding CCRD's investigation, and therefore denies the same. With respect to allegations contained in paragraph 4 of Plaintiff's Complaint regarding the contents of the decision issued by the CCRD, the decision speaks for itself. To the extent that the allegations contained in paragraph 4 of Plaintiff's Complaint misstate the contents of the decision, the District denies those allegations, as well as any and all remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5.	With respect to the allegations contained in paragraph 5 of Plaintiff's Complaint, the notice of right-to-sue speaks for itself. To the extent that the allegations contained in paragraph 5 of Plaintiff's Complaint misstate the contents of the notice of right-to-sue, the District denies those allegations, as well as any and all remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6.	With respect to the allegations contained in paragraphs 6, 15, 16, 20, 24, 28, 31, 33 and 34 of Plaintiff's Complaint, the District lacks sufficient information and knowledge to

form a belief as to the veracity of the allegations contained in paragraphs 6, 15, 16, 20, 24, 28, 31, 33 and 34 of Plaintiff's Complaint, and therefore denies the same.

7. With respect to the allegations contained in paragraph 7 of Plaintiff's Complaint, the District admits that Ms. Day was employed by the District as a food service worker. With respect to the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, the District lacks sufficient information and knowledge to form a belief as to the veracity of the allegations relating to the residency of Ms. Day, and therefore denies the same.

8. The District admits the allegations contained in paragraphs 8, 25 and 29 of Plaintiff's Complaint.

9. With respect to the allegations contained in paragraph 9 of Plaintiff's Complaint, the District admits that Ms. Day was hired on or about November 1, 1995 by the District as a nutrition service assistant/food service worker for the District's student breakfast and lunch programs. As to the remaining allegations contained in paragraph 9 of Plaintiff's Complaint, the District lacks sufficient information and knowledge to form a belief as to the veracity of the allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10. The District denies the allegations contained in paragraphs 10, 22, 30, 35 and 36 of Plaintiff's Complaint.

11. With respect to the allegations contained in paragraph 11 of Plaintiff's Complaint, the District admits that food service workers assisted one another from time to time. The District denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. With respect to the allegations contained in paragraph 12 of Plaintiff's Complaint concerning the written job description, the job description speaks for itself. To the extent that the

3

allegations contained in paragraph 12 of Plaintiff's Complaint misstate the contents of the job description, the District denies those allegations, as well as any and all remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.   With respect to the allegations contained in paragraph 13 of Plaintiff's Complaint, the referenced performance evaluations speak for themselves.  To the extent that the allegations contained in paragraph 13 of Plaintiff's Complaint misstate the contents of the referenced performance evaluations, the District denies those allegations, as well as any and all remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14.   With respect to the allegations contained in paragraph 14 of Plaintiff's Complaint, the District admits that Ms. Day sustained an on-the-job injury on March 14, 2005.  As to the remaining allegations contained in paragraph 14 of Plaintiff's Complaint, the District lacks sufficient information and knowledge to form a belief as to the veracity of the allegations contained in paragraphs 14 of Plaintiff's Complaint, and therefore denies the same.

15.   With respect to the allegations contained in paragraph 17 of Plaintiff's Complaint, the District admits that on or about May 11, 2005, Ms. Day returned to work.  With respect to the remaining allegations contained in paragraph 17 of Plaintiff's Complaint, the referenced physician reports speak for themselves.  To the extent that the allegations contained in paragraph 17 of Plaintiff's Complaint misstate the contents of the referenced physician reports, the District denies those allegations, as well as any and all remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

16.   With respect to the allegations contained in paragraph 18 of Plaintiff's Complaint, the June 13, 2005 written performance evaluation speaks for itself.  To the extent that the

allegations contained in paragraph 18 of Plaintiff's Complaint misstate the contents of the June 13, 2005 written performance evaluation, the District denies those allegations, as well as any and all remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

17. With respect to the allegations contained in paragraph 19 of Plaintiff's Complaint, the District admits that Ms. Day resumed working in August 2005. With respect to the physician reports referenced in paragraph 19 of Plaintiff's Complaint, the physician reports speak for themselves. To the extent that the allegations contained in paragraph 19 of Plaintiff's Complaint misstate the contents of the referenced physician reports, the District denies those allegations, as well as any and all remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

18. With respect to the allegations contained in paragraph 21 of Plaintiff's Complaint, the October 25, 2005 physician's report speaks for itself. To the extent that the allegations contained in paragraph 21 of Plaintiff's Complaint misstate the contents of the referenced physician's report, the District denies those allegations, as well as any and all remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

19. With respect to the allegations contained in paragraph 23 of Plaintiff's Complaint, the District admits that it terminated Ms. Day's employment on December 2, 2005. With respect to the remaining allegations contained in paragraph 23 of Plaintiff's Complaint, the document regarding Plaintiff's termination speaks for itself. To the extent that the allegations contained in paragraph 23 of Plaintiff's Complaint misstate the contents of the document regarding Plaintiff's termination, the District denies those allegations, as well as any and all remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

20. With respect to the allegations contained in paragraph 26 of Plaintiff's Complaint, the amended medical report and functional capacity report speak for themselves. To the extent that the allegations contained in paragraph 26 of Plaintiff's Complaint misstate the contents of the amended medical report and functional capacity report, the District denies those allegations. As to the remaining allegations contained in paragraph 26 of Plaintiff's Complaint, the District lacks sufficient information and knowledge to form a belief as to the veracity of the allegations contained in paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

21. With respect to the allegations contained in paragraph 27 of Plaintiff's Complaint, the District admits that it did not hire anyone to fill Plaintiff's former position after it received the medical report referenced in paragraph 27 of Plaintiff's Complaint. The District denies any and all remaining allegations contained in paragraph 27 of Plaintiff's Complaint.

22. The District incorporates by reference its responses to the paragraphs which are realleged in paragraphs 32 of Plaintiff's Complaint.

23. The District denies the allegations contained in paragraphs 1 through 7 of the Wherefore Section of Plaintiff's Complaint.

24. Unless otherwise expressly admitted, the District denies each and every other allegation contained in Plaintiff's Complaint.

## II.   AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrines of sovereign, official, and/or qualified immunity.

3.	Plaintiff's damages, if any, are barred or reduced in part by her failure to take reasonable steps under the circumstances to minimize or mitigate her alleged damages.

4.	Plaintiff may have failed to exhaust all of her administrative remedies with respect to the claims asserted.

5.	Plaintiff was terminated for good and just cause as Plaintiff could not perform the essential functions of her job.

6.	Plaintiff was an at-will employee.

7.	Plaintiff's claims are barred in whole or part by the doctrines of waiver and estoppel.

8.	With respect to Plaintiff's claims for injunctive relief, Plaintiff has adequate remedies available at law.

9.	Plaintiff's claims are barred by the doctrine of unclean hands.

10.	Plaintiff is not the real party in interest to some or all of her alleged damages.

11.	Reasonable accommodations could not have been made for Plaintiff's disability, which would have enabled Plaintiff to perform the essential functions of the job, without imposing an undue hardship on the District.

12.	Pursuant to 42 U.S.C. § 12113(b), reasonable accommodation of Plaintiff was not possible because Plaintiff posed a direct threat to the health and safety of herself and others in the workplace.

13.	Plaintiff's claims may be barred by the applicable statute of limitations.

14.	The District hereby reserves the right to assert additional defenses as become necessary upon disclosure and discovery.

**WHEREFORE**, having answer Plaintiff's Complaint, the District requests that the Court grant relief as follows:

a. Dismiss Plaintiff's Complaint with prejudice;

b. Enter judgment in favor of the District and against Plaintiff for attorney's fees;

c. Enter judgment in favor of the District and against Plaintiff for costs; and

d. Any such other and further relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

**THE DISTRICT HEREBY DEMANDS A TRIAL TO A JURY OF NOT LESS THAN SIX (6) PERSONS ON ALL ISSUES HEREIN JOINED.**

Respectfully submitted,

s/ Sonja S. McKenzie
Sonja S. McKenzie

s/ Maria T. Lighthall
Maria T. Lighthall
SENTER GOLDFARB & RICE, L.L.C.
1700 Broadway, Suite 1700
Denver, CO  80290
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
E-mail:  smckenzie@sgrllc.com
E-mail:  mlighthall@sgrllc.com
*Attorneys for Defendant Manitou Springs School District No. 14*

8

## CERTIFICATE OF MAILING

**I HEREBY CERTIFY** that on the 26th day of August, 2008, a true and correct copy of the above and foregoing **ANSWER** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to the following:

Sharyn E. Dreyer
Colorado Education Association
1500 Grant Street
Denver, CO  80203
*Attorney for Plaintiff*

s/ Diana Richards
Diana Richards, Legal Secretary
E-mail: drichards@sgrllc.com

00317717

9