IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01298-WYD-CBS

MARY L. DAY,

    Plaintiff,

v.

MANITOU SPRINGS SCHOOL DISTRICT NO. 14 IN THE COUNTY OF EL PASO AND STATE OF COLORADO,

    Defendant.

## ORDER

I.     <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

THIS MATTER is before the Court on the Defendant District's Combined Motion for Summary Judgment and Memorandum Brief in Support Thereof (docket #35), filed May 29, 2009.  Specifically, Defendant filed its motion for summary judgment as to Plaintiff's claim under the Americans With Disabilities Act ("ADA").  On July 10, 2009, Plaintiff filed her response to Defendant's motion, and on August 7, 2009, Defendant filed its reply.  I first address the background of the case and then state my rulings on the motion.

This case arises out of Plaintiff's employment with Defendant.  Plaintiff commenced employment with the Defendant in 1995 as a nutrition service assistant. On March 14, 2005, Plaintiff was injured at work after tripping on a rubber floor mat while putting away dishes.  On May 2, 2005, Plaintiff had surgery to repair her injury.

Plaintiff returned to work in August 2005.

On October 25, 2005, Plaintiff's physician, Dr. Bert Bergland, determined that Plaintiff had a permanent impairment of seven percent and recommended the following permanent restrictions: no lifting to bench height or carrying over twenty-five pounds occasionally, thirteen pounds frequently or five pounds constantly; no lifting to shelf height over zero pounds occasionally, zero pounds frequently or zero pounds constantly; no pushing or pulling over five pounds occasionally, two pounds frequently or one pound constantly; no forward or overhead reaching more than five hours occasionally, three hours frequently or two hours constantly.

As a result of Plaintiff's permanent work restrictions caused by her shoulder injury suffered on the job, Defendant determined that Plaintiff could not perform the essential functions of a nutrition service assistant.  Defendant terminated Plaintiff's employment on December 2, 2005.

For the reasons stated below, the motion for summary judgment is denied.

II.     MOTION FOR SUMMARY JUDGMENT

　　　　A.     Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220

F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

In the Tenth Circuit, evidence considered by the court in ruling on a motion for summary judgment must be evidence that is admissible at trial. "It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995). "Hearsay testimony cannot be considered because "[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill." *Id.* (internal citations omitted). Further, under Rule 56(e), evidence offered in opposition to a motion for summary judgment must be "'made on personal knowledge . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the witness is competent to testify to the matters' set forth therein.'" *Id.*

        1.      <u>Whether Summary Judgment is Proper on Plaintiff's ADA Claim</u>

"The ADA prohibits an employer from discriminating 'against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment.'" *Morgan v. Hilti*, 108 F.3d 1319, 1323 (10th Cir. 1997) (quoting 42 U.S.C. § 12112(a)). "To establish a prima facie case under the ADA, a plaintiff must demonstrate: (1) that she is

a disabled person within the meaning of the ADA. . . ; (2) that she is qualified, that is, she is able to perform the essential functions of the job, with or without reasonable accommodation . . . ; and (3) that the employer terminated her employment [or that plaintiff suffered some other adverse employment action] under circumstances which give rise to an inference that the termination was based on her disability." *Id.* (internal quotations omitted).

### i. Whether Plaintiff is a Disabled Person

Neither party addressed the first element of the ADA analysis in the pleadings. Thus, I conclude that the parties concede that Plaintiff is disabled within the meaning of the ADA. Thus, I turn to the second element of Plaintiff's ADA claim.

### ii. Whether Plaintiff is a Qualified Individual

In the motion, Defendant argues that Plaintiff is not a qualified individual under the ADA. The Court employs a two-part test to make this determination. *Hudson v. MCI Telecommunications Corp.*, 87 F.3d 1167, 1168 (10th Cir. 1996). First, the court must determine whether the plaintiff could perform the essential functions of the nutrition service assistant job. *Id.* Second, if the plaintiff cannot perform the essential functions of the job, I must determine whether a reasonable accommodation by the defendant would enable her to perform the functions of the nutrition service assistant job. *See id.*

Turning to my findings, I note that "[t]he term 'essential functions' is defined as 'the fundamental job duties of the employment position the individual with a disability holds or desires.'" *Martin v. Kansas*, 190 F.3d 1120, 1130 (10th Cir. 1999) (quoting 29

C.F.R. § 1630.2(n)(1)), *overruled on other grounds*, *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001).  I recognize Defendant's argument that "[a]n accommodation that eliminates the essential function of the job is not reasonable." *Smith v. Blue Cross Blue Shield of Kan., Inc.*, 102 F.3d 1075, 1076 (10th Cir. 1996), *cert. denied*, 522 U.S. 811 (1997).  Nonetheless, "[w]hether a particular function is essential is a factual inquiry." *Martin* (citing 29 C.F.R. Pt. 1630, App. § 1630.2(n)).  "The ADA provides that in making this inquiry, 'consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.'"  *Id.* (quoting 42 U.S.C. § 12111(8)).

In the case at hand, while Plaintiff agrees that lifting is required as part of a number of duties of the nutrition service assistant's job description, she disputes the fact that lifting 30 pounds is an essential function.  Specifically, she asserts that nutrition service workers routinely assist one another in lifting heavy items; the workers routinely receive assistance in loading and unloading items from school custodians; many of the heavy items do not need to be lifted in their entirety because they are broken down in lighter increments; and the workers use various devices such as rolling carts, buckets, and an elevator for assistance in transporting items.

Plaintiff further asserts that the particular tasks Defendant claims she could not perform due to her disability were not essential functions of the nutrition service worker position because the Defendant did not require all employees in the particular position

to perform those tasks.  For example, there are approximately nine nutrition service workers.  One worker performed custodial duties, one worker delivered groceries to a neighboring school, two workers served as cashiers, and two workers lifted the food ovens into a delivery van.  Moreover, Plaintiff disputes that lifting 30 pounds is an essential element of the job because one former nutrition service worker performed the job without being required to lift 30 pounds.

Plaintiff also argues that it would have been a reasonable accommodation to allow another employee to help her with any heavy lifting required on the job, that there were other reasonable accommodations the Defendant could have made that would have modified the lifting requirements, and/or that Defendant failed to consider assigning her to a different task that was within her restrictions.  I find that there are genuine issues of material fact on the issue of whether lifting 30 pounds is an essential function of the job and whether reasonable accommodations could have been made as to the lifting such that the summary judgment motion must be denied on this ground.

### iii.     Whether Defendant Discriminated against Plaintiff

Finally, as to the third element of a prima facie ADA case, that plaintiff show defendant discriminated against her in connection with an employment decision, that element is met where the plaintiff shows that defendant failed to accommodate her (including by reassignment), since "'the failure reasonably to accommodate (including reassignment) [is] a prohibited act of discrimination.'"  *Bristol v. Brd. of County Comm'rs of County of Clear Creek*,  281 F.3d 1148, 1164 (10th Cir. 2002) (quoting *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1167 (10th Cir. 1999), *rev'd on other grounds*, 312

F.3d 1231 (10th Cir. 2002)).  The plaintiff does need separate proof of discriminatory intent.  *Id.*  "If no reasonable accommodation can keep the employee in his or her existing job, then the reasonable accommodation may require reassignment to a vacant position so long as the employee is qualified for the job and it does not impose an undue burden on the employer."  *Smith*, 180 F.3d at 1169.

Here, Defendant asserts that further accommodation would have created undue hardship on the District.  Defendant states that it tried to accommodate Plaintiff by finding an alternative employment position, but Plaintiff was not qualified for any of those positions.  Plaintiff disagrees and argues that Defendant's sole evidence of undue hardship are complaints from her co-workers about having to do some of Plaintiff's job tasks.  Plaintiff asserts that any complaints by her co-workers were not due to her inability to perform her job duties, but instead, were caused by the Defendant's directive that the co-workers monitor Plaintiff's daily activities.  Accordingly, I deny summary judgment on this ground and, consequently, on the ADA claim in general.

III. CONCLUSION

Based upon the foregoing, it is

ORDERED that the Defendant District's Combined Motion for Summary Judgment and Memorandum Brief in Support Thereof (docket #35) is **DENIED**.

Dated:  December 23, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge